

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

Jordan Ginsberg
Assistant United States Attorney
Supervisor, Public Corruption Unit

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone:  504-680-3000
Fax:  504-589-3602

April 26, 2021

Honorable Jay C. Zainey
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C455
New Orleans, Louisiana 70130

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 26 2021
CAROL L. MICHEL
CLERK

    Re:   *United States v. Stephen Daniel Defiore*
          Criminal Docket No. 21-13 "A"

Dear Judge Zainey:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Stephen Daniel Defiore, the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Jerrod Thompson-Hicks, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government has agreed that, should the Court accept the defendant's plea of guilty as charged to the one-count Bill of Information now pending against him, charging the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 371 and 1343, the Government will not bring any other charges in the Eastern District of Louisiana against the defendant arising from the conduct detailed in the Factual Basis, as long as the defendant has truthfully informed federal agents of the full details of this crime.  The defendant understands that this agreement does not apply to any crimes of violence that the defendant may have committed.

    The defendant further understands that the maximum penalty the defendant may receive should his plea of guilty is not more than five (5) years of imprisonment, and/or a fine of $250,000,

Page **1** of **5**

Fee
Process
X Dktd
CtRmDep
Doc. No.

AUSA JG
Defendant
Defense Counsel

or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction. The exact restitution figure will be determined and ordered by the Court. The defendant, however, expressly acknowledges a loss to Victim A of not less than the higher of the following values, as calculated in U.S. dollars: (1) the value of cryptocurrency stolen from Victim A as calculated on the dates thefts occurred or (2) the value of cryptocurrency stolen from Victim A as calculated on the date the Court accepts the defendant's guilty plea. The defendant further expressly acknowledges a loss to Victim B of not less than the higher of the following values, as calculated in U.S. dollars: (1) the value of cryptocurrency stolen from Victim B as calculated on the dates thefts occurred or (2) the value of cryptocurrency stolen from Victim B as calculated on the date the Court accepts the defendant's guilty plea. The defendant agrees that not less than the sum of the amounts of loss to Victim A and Victim B, minus any amount already repaid, or any greater amount as ordered by the Court, will be owed to Victim A and Victim B upon sentencing.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction

AUSA
Defendant
Defense Counsel

to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.     Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.     Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.     Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the

Page **3** of **5**

AUSA _JG_
Defendant _SD_
Defense Counsel

United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his/her inclusion in the Treasury Offset Program.

Page **4** of 5

AUSA ⎽⎽⎽
Defendant ⎽⎽⎽
Defense Counsel ⎽⎽⎽

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

4-26-21
JORDAN GINSBERG                    Date
Assistant United States Attorney

04 26 21
JERROD THOMPSON-HICKS        Date
Attorney for Stephen Daniel Defiore

04/26/21
STEPHEN DANIEL DEFIORE        Date
Defendant

Page **5** of **5**