UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 21-CR-13 |
| STEPHEN DEFIORE | SECTION: "A" |

### ORDER & REASONS

Before the Court on the briefs and without oral argument is Defendant Stephen Defiore's **Motion for Modification of Restitution Condition (Rec. Doc. 56)**. For the following reasons, the motion is denied.

I.    **Background**

Stephen Defiore was employed as a sales representative at a Verizon Wireless retail store when he became involved in a "SIM Swap Scam"—a type of wire fraud conspiracy.[1] His role in the conspiracy was simple: in exchange for payment, Defiore would access a customer's account using his Verizon employee credentials, enter their four digit PIN provided to him by a co-conspirator, and "swap" the customer's phone number with a new SIM card number controlled by the co-conspirator.[2] Once swapped, the co-conspirator could gain access to personal accounts on the phone, including email accounts, bank accounts, and cryptocurrency accounts, as well as certain other accounts that use two-factor authentication.[3] As a result of Defiore's role in the conspiracy, his co-conspirator impermissibly accessed the cryptocurrency accounts of two victims, causing actual losses in excess of $70,000.00.[4]

Defiore pled guilty to a charge of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1343 and § 371 on April 26, 2021,[5] and was sentenced to three years of probation on

---

[1] Rec. Doc. 21, Factual Basis, at 3.

[2] *Id.* at 4.

[3] *Id.* at 2.

[4] *Id.* at 5.

[5] Rec. Doc. 19.

October 19, 2021.[6] He was ordered to make restitution payments at a rate of $200 per month, beginning December 1, 2021.[7] Just over three months later, on March 4, 2022, Defiore became delinquent on his payments and failed to respond to the Government's demand letter.[8] Over two years later, on October 9, 2024, the Government filed an application for writ of garnishment on Defiore's employer, McGuires Beautiful Outdoors, Inc. ("McGuires").[9] On December 13, 2024, the Court entered a Final Disposition Order of Garnishment requiring that McGuires garnish and pay to the United States 25 percent of the non-exempt earnings paid to Defiore.[10]

In the instant motion, Defiore asks the Court to either (i) "revert to the initial judgment, ordering him to pay $200 per month," or (ii) "adjust the writ of garnishment to alleviate his financial hardship."[11] The basis for his request is that the amount garnished from each paycheck creates a significant financial hardship when considered alongside his monthly rent, child support obligation, utility bills, and food costs.[12] His motion notes, "While he wants to pay his restitution and understands the need for it, he also needs to be self-supporting."[13]

**II.    Discussion**

The Mandatory Victims Restitution Act ("MVRA") mandates restitution for defendants convicted of "an offense against property." 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). Under the MVRA, members of a conspiracy may be held jointly and severally liable for all foreseeable losses within the conspiracy's scope, even if a specific loss cannot be attributed to a single conspirator. *See United States v. King*, 93 F.4th 845, 854 (5th Cir. 2024); *United States v. Swenson*, 25 F.4th 309, 322 (5th Cir. 2022) (observing that "where a fraudulent scheme is an element of the

---

[6] Rec. Doc. 43.

[7] *Id.*

[8] Rec. Doc. 60, at 2.

[9] *Id.*; Rec. Doc. 48.

[10] Rec. Doc. 55.

[11] Rec. Doc. 56, ¶ 6.

[12] *Id.* ¶¶ 5–6.

[13] *Id.* ¶ 6.

conviction, the court may award restitution for actions pursuant to that scheme" (internal quotations omitted)). The MVRA also permits restitution to be imposed on any defendant for the full amount of the victim's losses or apportioned based on each defendant's contribution. *See* 18 U.S.C. § 3664(h).

The MVRA explicitly states that a restitution order is made without consideration of the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A). But if a "material change in the defendant's economic circumstances that might affect a defendant's ability to pay restitution" occurs, the defendant is directed to notify the court, which is then authorized to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *see also United States v. Franklin*, 595 F. App'x 267, 272 (5th Cir. 2014). Procedurally, courts determine whether a defendant's economic circumstances have materially changed "by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Franklin*, 595 F. App'x at 273 (quoting *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000)). Substantively, a material change is "a bona fide change in the defendant's financial condition, either positive or negative." *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) (citation omitted). "A change must also be immediate to be material." *United States v. Tarnawa*, 26 F.4th 720, 725 (5th Cir. 2022) (citing *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005)).

Here, Defiore has provided no proof that there has been a material change in his economic circumstances. To the contrary, the pay stubs he provided the Court indicate that his year-to-date net pay (which reflects the remainder after the garnishment) as of February 1, 2025 amounted to $2,739.81.[14] Factoring in Defiore's $1,500.00 rent and $440.00 child support obligation, he was left with $799.81 at the end of the month to use for remaining bills and food costs. As such, his motion is denied.[15]

---

[14] Rec. Doc. 56-2, at 4. This number was derived by subtracting the amount in "This Period ($)" in the bottom row from the amount in "YTD ($)" in the adjacent cell.

[15] The Court further notes that, for over two years, Defiore had the opportunity to pay restitution at a rate of $200 per month but did not. Considering the delinquent nature of his restitution payment history, the Court cannot help but find his assertion that he "wants to pay his restitution and understands the need for it, [but] also needs to be self-supporting,"

Accordingly;

**IT IS ORDERED** that the **Motion for Modification of Restitution Condition (Rec. Doc. 56)**, filed by Defendant Stephen Defiore, is **DENIED**.

April 21, 2025

                                             JAY C. ZAINEY
                                        UNITED STATES DISTRICT JUDGE

---

to be disingenuous, at best. Rec. Doc. 56.